```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

BENJAMIN THOMAS,

    Plaintiff,

v.                                          Case No. 8:19-cv-179-T-33TGW

JOHN JOSEPH FRANKLIN and
MILLER'S ALE HOUSE, INC.,

    Defendants.

_____/

**ORDER**

Before this Court is Defendants John Joseph Franklin and Miller's Ale House, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Doc. # 25), filed on March 7, 2019. Pro se Plaintiff Benjamin Thomas responded in opposition on March 15, 2019. (Doc. # 27). For the reasons that follow, the Motion is granted.

**I.**   **Background**

On December 31, 2018, Thomas initiated this action in state court alleging Franklin and Miller's Ale House filed a false police report against him, which caused him harm and aided in the escape of the actual person who committed a crime. (Doc. # 1-1 at 2). Thomas's complaint implied Franklin and Miller's Ale House's conduct was related to disability discrimination by alleging, "The Procedure for the actions of

the Defendant's needs to change for engaging Disabled Individuals. The Defendant's procedure to target Disabled individuals in possession of Service Animals needs to change." (Id. at 3). In the complaint's "Statement of Claim" section, Thomas alleged this action arose under 28 U.S.C. § 4101, 18 U.S.C. § 1503, and 18 U.S.C. § 1001. (Id. at 1).

This is not the first case brought by Thomas against Franklin. In fact, Thomas filed a nearly identical complaint against Franklin in this Court on October 2, 2017. See Thomas v. Franklin, 8:17-cv-2294-T-17TGW (Doc. # 1). It is not clear whether Franklin knew about the prior lawsuit, as the case's docket does not indicate whether Franklin was served with process. A Report and Recommendation, which dismissed Thomas's complaint because the statutes cited therein – 28 U.S.C. § 4101 and 18 U.S.C. §§ 1001 and 1503 – were inapplicable to the case but granted Thomas leave to amend, was adopted on November 1, 2017. Id. (Doc. ## 5, 7). Ultimately, the case was dismissed on February 5, 2019, after Thomas failed to file an amended complaint. Id. (Doc. # 9).

Following removal in this case, Franklin and Miller's Ale House moved to dismiss the complaint, arguing the statutes enumerated in the complaint were either inapplicable to Thomas's allegations or did not provide for private causes of

action. (Doc. # 9). The Court deferred ruling on the motion to dismiss and scheduled a status conference to allow Thomas an opportunity to explain his arguments against the motion. (Doc. # 10). However, Thomas did not attend the status conference. The Court therefore granted the motion to dismiss because the statutes cited in Thomas's complaint did not create private causes of action. (Doc. # 19). Nonetheless, in an abundance of fairness to Thomas as a pro se plaintiff, the Court authorized Thomas to file an amended complaint because it appeared Thomas was also trying to state a claim under the Americans with Disabilities Act for disability discrimination in his original complaint. (Id.).

In response to the Court's Order granting the motion to dismiss, Thomas filed a motion for clarification requesting the Court explain what "private cause of action" meant. (Doc. # 21). The Court reiterated that Thomas had no case under 28 U.S.C. § 4101 and 18 U.S.C. §§ 1503 and 1001 but explained that Thomas was being given another opportunity to try to state a different cause of action. (Doc. # 22).

Subsequently, Thomas filed his amended complaint, which essentially contained the same allegations as the original complaint. (Doc. # 23). Indeed, despite the Court's previous explanation, Thomas alleges in his amended complaint that

this action arises under 28 U.S.C. § 4101 and 18 U.S.C. § 1001, as well as now 18 U.S.C. § 1512. (Id. at 1). In response, Franklin and Miller's Ale House filed the instant Motion to Dismiss, arguing again that the statutes enumerated in the amended complaint are either inapplicable to Thomas's allegations or do not provide for private rights of action. (Doc. # 25). Thomas has responded (Doc. # 27), and the Motion is ripe for review.

**II. Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas County, 587 F. App'x 593, 595 (11th Cir. 2014).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations

in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

Thomas attempts to bring a claim under 28 U.S.C. § 4101(1), which defines the term "defamation" for the Securing the Protection of our Enduring and Established Constitutional Heritage (SPEECH) Act. As the Court previously explained, Section 4101, which provides the definitions for the SPEECH Act, does not create a cause of action. See Rosado v. Nichols, No. 2:17-cv-195-FtM-99MRM, 2017 WL 1476255, at *5 n.3 (M.D.

Fla. Apr. 25, 2017) ("Plaintiff asserts that he brings defamation claims pursuant to 28 U.S.C. § 4101. This statute does not set forth a cause of action." (citation omitted)). Furthermore, the SPEECH Act prohibits recognition or enforcement of a foreign defamation judgment unless it satisfies both First Amendment and due process considerations. See 28 U.S.C. § 4102(a). Thomas's amended complaint makes no reference to a defamation judgment, let alone a foreign one. See Rosado, 2017 WL 1476255, at *5 n.3 ("Plaintiff does not attempt to enforce a foreign judgment, and any cause of action purportedly based on § 4101 is dismissed with prejudice.").

Thomas also attempts to bring claims under 18 U.S.C. §§ 1512 and 1001. Again, as previously explained, 18 U.S.C. § 1001, which makes it a crime to make false statements or use false documents in a matter within federal jurisdiction, is a criminal statute that does not create a private cause of action. See Lichtenberg v. Sec'y of the Navy, 627 F. App'x 916, 917 (11th Cir. 2015) (per curiam) ("Section 1001 of Title 18 of the U.S. Code . . . does not provide a civil cause of action."). Likewise, 18 U.S.C. § 1512, which makes it a crime to tamper with a witness, is also a criminal statute that does not create a private cause of action. See Johansen v.

Modrak, No. 18-cv-63120-BLOOM/Valle, 2019 WL 316702, at *2 (S.D. Fla. Jan. 23, 2019) ("Plaintiff alleges that Defendant violated 18 U.S.C § 1512 . . . . However, no private cause of action exists for violations of this statute.").

In sum, while the Court construes pro se pleadings liberally, the Court cannot create causes of action where they do not exist. In both this action and the prior action brought against Franklin, it has been explained to Thomas that the statutes cited in his complaints cannot provide him any relief. Consequently, the claims brought under 28 U.S.C. § 4101 and 18 U.S.C. §§ 1512 and 1001 are dismissed with prejudice. There being no other claims before the Court, the Clerk is directed to close this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants John Joseph Franklin and Miller's Ale House, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Doc. # 25) is **GRANTED.**

(2) Pro se Plaintiff Benjamin Thomas's claims brought under 28 U.S.C. § 4101 and 18 U.S.C. §§ 1512 and 1001 (Doc. # 23) are **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of March, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE